UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**SEACO GLOBAL, LTD.**
      **Plaintiff**

vs.

             Case No.

**INDIAN RIVER TERMINAL, INC.**
      **Defendant**
_____/

## COMPLAINT FOR MONEY DAMAGES

Plaintiff sues the defendant and alleges as follows:

1. This is an action for money damages wherein the amount in controversy exceeds $75,000, exclusive of interest, costs or attorney fees.

2. The gravamen of this lawsuit is defendant's failure, as the lessee of personal property from plaintiff as lessor, to pay plaintiff as required by two written leases, and to return the property [to-wit ocean cargo containers] to plaintiff in Florida as required after the leases were terminated on account of such default in payment.

3. Plaintiff is incorporated under the laws of the United Kingdom, and has its principal place of business in London, England.

4. Defendant is incorporated under the laws of Florida, and has its principal place of business in Florida.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(2).

6. This Court has personal jurisdiction over the defendant pursuant to Fla. Stat. §48.193 (1)(b) in that defendant has committed a tortious act within this state, to-wit conversion, by failing after written demand to return plaintiff's personal property [ocean cargo containers] to plaintiff's depot in Miami, Florida, as required by the written equipment leases between these parties, as further described below.

7. Alternatively, this Court has personal jurisdiction over the defendant pursuant to Fla. Stat. §48.193 (1)(g) in that defendant has breached a contract in this state [the equipment leases described below] by failing and refusing after written demand to perform acts required by the contract to be performed in Florida, namely the return of the leased equipment to plaintiff's Miami, Florida depot.

8. Any conditions precedent to the commencement of this action have been fulfilled, or excused, or waived.

9. Plaintiff has engaged the undersigned firm of attorneys to bring this action and has obligated itself to pay a reasonable fee for such services.

10. On August 14, 2012, plaintiff delivered by facsimile transmission a written notice to defendant that the leases were terminated on account of nonpayment, and that defendant should immediately: (A) account for the current whereabouts of all of the leased equipment; (B) return all of the equipment to plaintiff's Miami Florida depot as specified by the leases; and (C) pay all of the charges for which defendant had received invoices from plaintiff to date. A copy of the aforesaid demand letter is attached hereto as Exhibit A.  As of September 6, 2012, defendant has made no payment of the debt demanded, nor has it otherwise complied in any way with plaintiff's demand to return the last seven pieces of equipment which are still on-hire to defendant.

11. On February 19, 2004, defendant countersigned plaintiff's General Trading Terms referable to the equipment leases hereinafter described, and others, a true copy of which is attached hereto as Exhibit B.

## COUNT ONE - BREACH OF MASTER LEASES M0165 and MO198

12. Plaintiff re-alleges paragraphs 1 through 101 here.

13. On July 8, 2005, plaintiff as lessor entered into Master Lease #M0165, a true copy of which is attached hereto as Exhibit C, with defendant as the lessee. On September 26, 2005, plaintiff as lessor entered into Master Lease #M0198, a true copy of which is attached hereto as Exhibit D, with defendant as the lessee.

14. After entering into the aforesaid lease defendant used in its business all of the equipment described in the leases, and for several years thereafter defendant paid plaintiff in accordance with the monthly invoices which were rendered to defendant for the various rent and repair charges specified in the lease.

15. As a consequence of the foregoing termination of the lease, pursuant to paragraph 2 of the aforesaid General Trading Terms [Exhibit B hereto], from and after August 14, 2012, the daily rental charge for each piece of the still on-hire equipment immediately increased to plaintiff's prevailing Short Term Lease Tariff Rate for each of the corresponding equipment types.

16. Defendant is obliged to continue to pay the Short Term Lease Tariff Rate until it has fully paid the contractually prescribed Replacement Value of the leased equipment as described hereinafter.

17. Because more than five days have elapsed since the leases were terminated and defendant has still not returned nor even specifically accounted for the whereabouts of any of the pieces of leased equipment still on-hire, pursuant to paragraph 2 of the General Trading Terms plaintiff is now entitled to treat all of the equipment as lost, thus obligating defendant to also pay the contractually prescribed Replacement Value of all on-hire equipment, which is a subtotal of $85,600. The Replacement Value for each of the pieces of equipment which are still on-hire are as follows:

| Unit Number | Equipment Type | Replacement Value |
|---|---|---|
| GCEU2016281 | R2CE | $12,600 |
| SEACOU4345704 | BW4 | $3,300 |
| SEACOU4906087 | BW4 | $3,740 |
| SEACOU9034135 | RW4CH | $17,400 |
| SEACOU9088131 | R2CH | $12,600 |
| SEACOU9093713 | RW4CH | $17,400 |
| SEACOU9157042 | RW4CH | $18,560 |

18.     Because of the default hereinabove described, pursuant to Paragraph 10 of the General Trading Terms [Exhibit C] defendant is also obligated to pay a "Dislocation Charge" of $1,500.00 for each of the seven equipment pieces still on-hire, which is a subtotal of $10,500.

19.     Defendant has also failed and refused to pay for the cost of repairs for leased equipment which was returned in a damaged condition.  The subtotal of those charges is $35,142.39 for all of the equipment that was returned as of 7/31/12, although additional damaged equipment has been returned after that date for which additional repair costs have not yet been calculated.

WHEREFORE, plaintiff prays for the entry of a money judgment in its favor in an amount in excess of $75,000, and against the defendant referable to defendant's breach of Master Lease #M0165 and M0198, which total amount will be inclusive of both the items hereinabove enumerated and the other charges as specified in the lease which will continue to accrue during the pendency of this

suit, to be calculated as provided in the lease, plus interest, plus the taxable costs of this suit, a reasonable attorney's fee, and such other and further relief as to which plaintiff may demonstrate itself to be entitled.

## COUNT TWO - COMMON LAW CONVERSION

20.   Plaintiff re-alleges paragraphs 1 through 11 and 13 and 14 and 17 here.

21.   Having flagrantly ignored plaintiff's written demand to return all of plaintiff's equipment to its Florida depot [which said demand is hereby reiterated in this complaint], and having even failed since August 14, 2012 to account for the current specific whereabouts of seven pieces of the said equipment, defendant has now exercised wrongful dominion and control over plaintiff's equipment, which has a value of at least $85,600, and has converted same to defendant's own use and benefit, or to the use and benefit of another party not entitled thereto, as a result of which plaintiff has been damaged.

WHEREFORE, plaintiff prays for the entry of a money judgment in excess of $75,000 in its favor and against the defendant referable to defendant's conversion of plaintiff's equipment, plus interest, plus the taxable costs of this suit, and such other and further relief as to which plaintiff may demonstrate itself to be entitled.

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

Dated: September 6, 2012.

    Respectfully submitted,

    */s/ A. Rodger Traynor, Jr.*
    A. Rodger Traynor, Jr.
    Florida Bar Number: 241237
    **AKERMAN SENTERFITT**
    One Southeast Third Avenue
    25th Floor
    Miami, FL 33131-1714
    Phone: (305) 374-5600
    Fax: (305) 374-5095
    Email: rodger.traynor@akerman.com
    *Attorneys for Plaintiff*